UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

WAYNE WELCH, CHARLENE WELCH,
DEJAY BUMSTEAD, SHERRIE
BUMSTEAD, JON MORLEY, SHARON
MORLEY, LAWRENCE CAMPEAU,
BONNIE CAMPEAU & KEVIN OULETTE,

   Plaintiffs,

v.             Case No. 2:06-CV-230

PUC SERVICES, INC. and PUC, INC.,    HON. GORDON J. QUIST

   Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Defendant PUC Services, Inc.'s ("Services") objection to the magistrate judge's report and recommendation dated August 2, 2007, as well as Plaintiffs' response to Services' objection. In his report and recommendation, Magistrate Judge Greeley recommended that Defendants' motion to dismiss be granted in part and denied in part, based upon his conclusions that: (1) Defendant PUC, Inc. is considered an instrumentality of a foreign state or political subdivision under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, *et seq.* ("FSIA"), and therefore is immune from suit; (2) Defendant Services is not an instrumentality of a foreign state or political subdivision under the FSIA and therefore is not immune from suit; and (3) Services has sufficient minimum contacts with the State of Michigan to support the exercise of personal jurisdiction over Services. More specifically, with regard to Services' status under the FSIA, the magistrate judge concluded that Services is not entitled to immunity because its shares are owned

by PUC, Inc. rather than the City of Sault Ste. Marie, Ontario, Canada, and because Services is not an "organ" of a foreign state as defined by the FSIA.

The magistrate judge's conclusion regarding PUC, Inc.'s entitlement to immunity is not in dispute. Services contends, however, that the magistrate judge incorrectly determined that it is not an "organ" under the FSIA and that he improperly applied the minimum contacts test in determining that personal jurisdiction is proper.

Having conducted a *de novo* review of the report and recommendation with regard to each issue, the Court concludes that the report and recommendation should be adopted.

Services contends that the magistrate judge erred in concluding that it is not an organ because no case discussing the nature of an organ under the FSIA has held that the activity in question must be one that can only be performed by a governmental entity. It further argues that the magistrate judge failed to consider other important factors, such as: (1) Services was created and established by the City of Sault Ste. Marie, Ontario; (2) Services is owned by the City through a holding company relationship (PUC, Inc. being the holding company); (3) all of the net revenues of Services are returned to the City; and (4) Services' operation of the East End Water Pollution Control Plant is an essential government function. However, the magistrate judge relied upon a number of other pertinent considerations in concluding that Services does not have the requisite relationship with the City for organ status. Those considerations included that Services is a private for-profit corporation; the City does not exercise day-to-day control over Services; Services is not run by civil servants; and Services is not subsidized by the City. In addition, the magistrate judge observed that Services' operation of the waste water treatment plant, while traditionally a public service activity, can be performed by private businesses as well as governmental entities. He also noted that in this case, the City can terminate its contract with Services and hire another contractor to operate its facility.

The Court agrees with the magistrate judge that the totality of the relevant considerations in this case show that Services was not an organ of the City.  Because Services has not cited any persuasive authority to the contrary, the Court rejects Services' argument.

With regard to the magistrate judge's conclusion on the issue of personal jurisdiction, Services contends that the magistrate judge improperly applied a foreseeability test to determine whether Services had purposefully availed itself of the privilege of "doing business" in Michigan. The magistrate judge stated: "Jurisdiction is reasonable because defendants were aware that if an improper discharge in the St. Mary's River occurred, it was foreseeable that the discharge would reach the Michigan shoreline."  (Report and Recommendation at 11.)  Services contends that the magistrate judge's analysis was faulty because foreseeability is not a part of the standard under which a defendant's minimum contacts are measured.  Services' argument is not correct.  The Sixth Circuit utilizes a three part test, as set forth in *Southern Machine Company v. Mohasco Industries, Inc.*, 401 F.2d 374 (6th Cir. 1968), to determine whether the exercise of personal jurisdiction over an out-of-state defendant comports with due process.  The first part requires that the defendant purposefully avail itself of the privilege of acting in the forum state or *causing a consequence in the forum state*. *See id.* at 381.  Services focuses its argument entirely upon the premise that it cannot be deemed to have done business in Michigan.  It does not contend that the release of untreated wastewater and human waste into the St. Mary's River that allegedly caused damage to property on Michigan's shoreline cannot be deemed activity that caused a consequence in the forum state.  Moreover, Services does not deny that it was aware that an improper discharge could reach property in Michigan, causing property damage and endangering wildlife habitats and human health. Accordingly, the magistrate judge properly conclude that the exercise of personal jurisdiction in this case is constitutionally permissible.  Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 2, 2007 (docket no. 57) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' Motion To Dismiss (docket no. 6) is **GRANTED IN PART AND DENIED IN PART**.  The motion is **granted** with respect to Defendant PUC, Inc. and **denied** with respect to Defendant PUC Services, Inc.


Dated:  September 25, 2007                                    /s/ Gordon J. Quist
                                                       GORDON J. QUIST
                                                       UNITED STATES DISTRICT JUDGE