UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———————————————

WAYNE WELCH, et al.,

    Plaintiffs,

v.                                                                    Case No. 2:06-CV-230

PUC SERVICES, INC.,                                HON. GORDON J. QUIST

    Defendant.
_____/

and

DAVID BEAN, et al.,

    Plaintiffs,

                                                                                 Case No. 2:08-CV-158

v.

PUC SERVICES, INC.,

    Defendant.
_____/

**MEMORANDUM ORDER**

On July 17, 2009, the Court heard oral argument in these consolidated cases on Defendant's First, Second, and Third Motions for Summary Judgment and Defendant's Motion to Bar Admission of Evidence and for *Daubert* Hearing. At the conclusion of the hearing, the Court made certain rulings on the motions and took other issues under advisement. The Court's rulings are as follows:

    1.    Defendant's First Motion for Summary Judgment (docket no. 188 in No. 2:06-CV-230 and docket no. 41 in No. 2:08-CV-158) is **DENIED** for the reasons stated on the record following oral argument.

2.  Defendant's Second Motion for Summary Judgment (docket no. 189 in No. 2:06-CV-230 and docket no. 42 in No. 2:08-CV158) is **GRANTED IN PART AND DENIED IN PART** as follows: **(a)** The motion is **granted** with respect to Plaintiffs' nuisance per se claims for the reasons stated on the record following oral argument; **(b)** After further consideration, the Court also concludes that Defendant is entitled to summary judgment on Plaintiffs' public nuisance claims, and the motion is also **granted** with regard to those claims. A public nuisance is an unreasonable interference with a common right enjoyed by the general public. *Cloverleaf Car Co. v. Phillips Petroleum Co.*, 213 Mich. App. 186, 190, 540 N.W.2d 297, 300 (1995). An unreasonable interference "includes conduct that (1) significantly interferes with the public's health, safety, peace, comfort, or convenience, (2) is proscribed by law, or (3) is known or should have been known by the actor to be of a continuing nature that produces a permanent or long-lasting, significant effect on these rights." *Id.* A private nuisance "is a civil wrong, based on a disturbance of rights in land," whereas a public nuisance interferes with the rights of the public, and "[t]he normal remedy is in the hands of the state." *Williams v. Primary Sch. Dist. No. 3*, 3 Mich. App. 468, 475-76, 142 N.W.2d 894, 897 (1966). Here, Plaintiffs, private citizens, are not asserting an interference with the rights of the general public, but instead an unreasonable interference with their own individual property rights. Plaintiffs are not acting as or on behalf of the state. In the Court's judgment, the fact that a township is also a plaintiff in this case does not transform what is essentially an alleged violation of rights in property into a government enforcement action. Therefore, Plaintiffs' claim is one for a private nuisance; **(c)** The motion regarding Plaintiffs' trespass claims, based on *Adams v. Cleveland-Cliffs*

*Iron Co.*, 237 Mich. App. 51, 602 N.W.2d 215 (1999), is **denied** with respect to Plaintiffs' allegations that human waste and other tangible objects washed onto their properties. In addition, to the extent Plaintiffs are alleging that these tangible objects, such as human waste, carried e-coli and other bacterial organisms onto Plaintiffs' properties, the Court concludes that the motion should be denied because unlike *Adams*, we are concerned in this case with incursions of tangible objects onto Plaintiffs' properties..

3. Defendant's Third Motion for Partial Summary Judgment (docket no. 206 in No. 2:06-CV-230 and docket no. 59 in No. 2:08-CV-158) is **GRANTED**. Defendant's third motion concerns allegations in paragraphs 29(d)-(f) of Plaintiffs' Second Amended Complaint in *Welch* and paragraph 105 of the Complaint in *Bean* that Defendant breached its duty to use modern technology and updated equipment to accommodate the expansion in capacity of the East End Water Pollution Control Plant to avoid the release of untreated or partially treated sewage. Defendant submits the affidavit of Donald Elliott, who was the Manager of Construction and Environmental Engineering for the City of Sault Ste. Marie, Ontario, in support of its motion. Mr. Elliott states that most of the design work for the upgrade of the Facility was performed prior to 2003, when Defendant took over responsibility for operating the Facility. In addition, Mr. Elliott says that neither Defendant nor its predecessor had any responsibility for the design or engineering of the new plant, for determining when construction or a new upgrade would start, or whether the Facility should be upgraded to a secondary or tertiary plant. (Elliott Aff. ¶¶ 21-23.) Instead, the City had the ultimate authority for these decisions, with the approval of the Ontario Ministry of Environment. (*Id.* ¶ 24.) Mr. Elliott acknowledges that

>Defendant could make suggestions and provide input, but he says that the City had the ultimate decision-making authority.  Plaintiff submits excerpts of Mr. Elliott's prior deposition testimony as well as excerpts of the deposition testimony of Michael Gundry, an engineer with the design firm that provided services to the City for the upgrades at the Facility.  However, this testimony simply confirms that Defendant had input and made recommendations from time-to-time, but it does not refute Mr. Elliott's statements that the City had the ultimate decision-making authority regarding improvements and upgrades.  Moreover, there is no evidence that the City simply accepted Defendant's recommendations without question; in other words, that Defendant was the *de facto* decision-maker.

4. The Court will not decide Defendant's Motion to Bar Admission of Evidence because it concludes that a *Daubert* hearing may be necessary to decide the issues raised in the motion.  Accordingly, as discussed at oral argument, the Court will refer the matter to Magistrate Judge Greeley for a hearing in Marquette, Michigan.

5. Defendant's Motion for Hearing (docket no. 200 in No. 2:06-CV-230 and docket no. 53 in No. 2:08-CV-158) is **GRANTED**.

**IT IS SO ORDERED** .


Dated:  July 21, 2009 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE